# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Rana Domomdon | Case No : | 10-25809 - E - 7 |
| | | Date : | 7/22/10 |
| | | Time : | 09:30 |
| Matter : | [38] - Motion/Application for Relief from Stay [PD-1] Filed by Creditor US Bank NA (Fee Paid $150) (avos) [38] - Motion/Application for Adequate Protection [PD-1] Filed by Creditor US Bank NA (avos) | | |
| Judge : | Ronald H. Sargis | | |
| Courtroom Deputy : | Janet Larson | | |
| Reporter : | NOT RECORDED | | |
| Department : | E | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

---

MOTION was :
Granted
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014-1(f)(1) Motion No Opposition Filed.

Proper Notice Provided. The Proof of Service filed on June 9, 2010, states that the Motion and supporting pleadings were served on Debtor, Debtors Attorney, Chapter 7 Trustee, and Office of the United States Trustee. By the courts calculation, 43 days notice was provided.

The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). The failure of the Trustee, the Debtor, or other parties in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(ii) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the Trustee, Debtor, and other parties in interest are entered, the matter will be resolved without oral argument and the court will issue its ruling from the parties pleadings.

The Motion for Relief from the Automatic Stay is granted. No appearance required.

US Bank, N.A. seeks relief from the automatic stay with respect to the real property commonly known as 169 Fleming Avenue, Vallejo, California. The moving party has provided the Declaration of Leeann Anderson to introduce evidence to authenticate the documents upon which it bases the claim and the obligation owed by the Debtor. Movant also offers the Declaration of Paul Winders, a licensed real estate broker with more than 14 years of experience, who opines that the value of the property is 221,900.00.

The Anderson Declaration states that the Debtor failed to make two post-petition payments, with a total of $6,365.88 in post-petition payments past due. From the evidence provided to the court, and only for

purposes of this Motion for Relief, the debt secured by this property is determined to be $439,715.12, as stated in the Anderson Declaration, while the value of the property is determined to be $221,900.00, as stated in the Winders Declaration.

Based upon the evidence submitted to the court, and no opposition having been made by the Debtor or the Trustee, the court determines that there is no equity in the property for either the Debtor or the Estate. 11 U.S.C. §362(d)(2). This being a Chapter 7 case, the property is per se not necessary for an effective reorganization. See In re Preuss, 15 B.R. 896 (9th Cir. B.A.P. 1981). Further, the court determines that cause exists for terminating the automatic stay since the Debtor failed to make post-petition payments. 11 U.S.C. §362(d)(1); In re Ellis, 60 B.R. 432 (9th Cir. B.A.P. 1985).

The moving party has failed to establish a basis for the court waiving the fourteen (14) day stay of enforcement provided in Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure.

The court shall issue a minute order substantially in the following form holding that:

Findings of Fact and Conclusions of Law are stated in the Civil Minutes for the hearing.

The Motion for Relief From the Automatic Stay filed by the creditor having been presented to the court, and upon review of the pleadings, evidence, arguments of counsel, and good cause appearing,

IT IS ORDERED that the automatic stay is terminated and vacated to allow US Bank, N.A., and its agents, representatives, successors, and trustee under the trust deed, and any other beneficiary or trustee, and their respective agents and successors under any other trust deed which is recorded against the property to secure an obligation, to exercise any and all rights arising under the promissory note, trust deed, mortgage, lien, and applicable non-bankruptcy law to conduct a non-judicial foreclosure sale and for the purchaser at any such sale obtain possession of the real property commonly known as 169 Fleming Avenue, Vallejo, California.

IT IS FURTHER ORDERED that because the moving party has established that there is no equity in the property for the Debtor and no value in excess of the amount of the creditors claims as of the commencement of this case, the moving party is not awarded attorneys fees.

IT IS FURTHER ORDERED that the 14-day stay of enforcement required under Rule 4001(a)(3) is not waived.

No other or additional relief is granted by the court.